UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REGINALD R. GRIFFIN,

    Plaintiff,

v.                                                            Case No:   2:18-cv-392-FtM-38MRM

STATE OF FLORIDA, KATHLEEN
SMITH, MIKE SCOTT, RICK
SCOTT, STEPHEN B. RUSSELL
and LINDA DOGGETT,

    Defendants.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court upon Plaintiff Reginald Griffin's Amended Complaint (Doc. 5) filed on June 25, 2018. On June 6, 2018, the Court dismissed Plaintiff's Complaint with leave to Amend. The Amended Complaint names this Defendants: State of Florida, Kathleen A. Smith, Public Defender for the 20th Judicial Circuit; Mike Scott, Sheriff of Lee County; Rick Scott, Governor of the State of Florida; Stephen B. Russell, State Attorney for the Twentieth Judicial Circuit; and Linda Doggett, Clerk of Court for the Twentieth Judicial Circuit. The Amended Complaint generally alleges 6th, 8th, and 14th Amendment violations, due process violations, and violations

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

of Article I sec. 9 of the United States Constitution. (Doc. 5 at § II). The Plaintiff also moves to proceed in forma pauperis. (Doc. 6).

Under 28 U.S.C. 1915(a), the Court is required to review the Amended Complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or, otherwise seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, 28 U.S.C. § 1915(e)(2)(B)(I)-(iii) requires the Court to review all actions or appeals to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." A case is deemed frivolous where the complaint lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1349 (11th Cir. 2002); *Bilal v. Driver*, 251 F.3d 1346 (11th Cir. 2001). Frivolous claims are those that describe "fantastic or delusional scenarios." *Bilal*, 251 F.3d at 1349.

The Amended Complaint is devoid of any claims for which relief can be granted. Plaintiff argues the Public Defender violated Article I sec. 9 of the United States Constitution by taking the title esquire. According to Plaintiff no title of nobility shall be granted by the United States and no person holding any office of profit or trust under them, shall, without the consent of Congress, accept of any present, emolument, office, or title, of any kind whatever, from any king, prince, or foreign state. U.S. Const. Art. 9 sec. 1. Plaintiff states the Defendants submitted no oaths of office from congress for the title esquire and therefore, their acts are treason against the U.S. Courts. (Doc. 5 at 5). Plaintiff also states the Public Defender waived his right to speedy trial and denied him an arraignment.

To the extent Plaintiff is suing the Public Defender under § 1983, the Supreme Court has held that a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County, et al. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted); *Grinder v. Cook*, 522 F. App'x 544, 547 (11th Cir. 2007). This is because the public defender "works under canons of professional responsibility that mandate [her] exercise of independent judgment on behalf of the client" and because there is an "assumption that counsel will be free of state control*." Legal Services Corp. v. Velazquez*, 531 U.S. 533, 542 (2001) (*quoting Dodson,* 454 U.S. 321-322). "[A] public defender's obligations toward her client are no different than the obligations of any other defense attorney." *Dodson*, 454 U.S. at 318. As such, Kathleen Smith is not a state actor and cannot be sued under § 1983 for actions taken in connection with her representation of the Plaintiff.

Although his Amended Complaint is not a model of clarity, Plaintiff also appears to assert a conspiracy claim against all the Defendants. To establish a prima facie case of a § 1983 conspiracy, a plaintiff must show "the defendants reached an understanding to deny the plaintiff's rights." *Hadley v. Gutierrez,* 526 F.3d 1324, 1332 (11th Cir.2008) (citing *Bendiburg v. Dempsey,* 909 F.2d 463, 469 (11th Cir.1990)). And the plaintiff must show "an underlying actual denial of [his] constitutional rights." *Burge v. Ferguson*, 619 F. Supp. 2d 1225, 1237 (M.D. Fla. 2008) (quoting *Hadley,* 526 F.3d at 1332). Finally, to allege a conspiracy under § 1983, a plaintiff must make "particularized allegations" that a conspiracy exists. *GJR Invs. v. County of Escambia, Fla.,* 132 F.3d 1359, 1370 (11th Cir. 1998) (modified by *Swann v Southern Health Partners, Inc.*, 388 F. 3d 834, 837 (11th Cir. 2004)* holding that the heightened pleading requirement does not apply to private entities

under § 1983). Vague and conclusory allegations suggesting a Section 1983 conspiracy are insufficient. *Fullman v. Graddick,* 739 F.2d 553, 556–57 (11th Cir.1984).

Here, Plaintiff's Amended Complaint simply states the Defendants reached an understanding to violate his constitutional rights. The Complaint alleges no facts showing that Defendants reached an understanding to deny his rights and there are insufficient facts from which an inference of a conspiracy can reasonably be drawn. Because Plaintiff's conspiracy claims are conclusory with no particularized allegations to support the claim, the claim is dismissed.

Other than Kathleen Smith, and the conspiracy allegation, the Amended Complaint is devoid of any allegations on how the other named Defendants violated Plaintiffs' constitutional rights. Plaintiff was provided the opportunity to amend, however, his Amended Complaint merely restates the claims in his initial Complaint. The Amended Complaint lacks any arguable basis in law or fact and fails to state a claim upon which relief can be granted. Therefore, Plaintiff's Amended Complaint is due to be dismissed with prejudice. Since Plaintiff's Amended Complaint fails to state a claim, Plaintiff's Motion to Proceed *In Forma Pauperis* is denied.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Reginald Griffin's Amended Complaint is **DISMISSED with prejudice**.

(2) Plaintiff Reginald Griffin's Motion to Proceed *In Forma Pauperis* (Doc. 6) is **DENIED**.

(3) The Clerk of the Court is directed to enter judgment terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of June, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record
SA: FTMP-2